M. J. HEINEN, Appellee, v. WATERLOO MONUMENT COMPANY, Appellant.

JUNE 26, 1928.

P. E. *Ritz,* for appellant.

*Sullivan & Sullivan,* for appellee.

FAVILLE, J.—I. Appellee alleges in his petition that, in February, 1922, he made a verbal contract with one Paul Porter, who was then managing the Hawkeye Granite Company, to sell monuments for the Hawkeye Granite Company on an agreed commission of 18 per cent of the purchase price. He alleges that he obtained contracts for the purchase of certain monuments from certain named parties, and alleges that said contracts were turned over by him to the said Paul Porter; that later, appellant company was organized as a corporation, and that said Porter was the secretary and treasurer thereof, and that the appellant corporation carried out said contracts and furnished the monuments therein provided for, and received pay for the

same: and appellee seeks to recover for his commission at the agreed price of 18 per cent of the purchase price of said monuments. In the second count, the appellee seeks to recover the same amount as the fair and reasonable value of his services. The answer is a general denial, and a specific denial as to certain matters. At the close of the evidence, the appellant moved for a directed verdict. The motion was overruled. It appears from the evidence that the appellant corporation was organized on the 13th day of March, 1922, and secured its permit from the secretary of state on the 20th day of March, 1922. Prior to March, 1922, the appellee was in the employ of the Hawkeye Granite Company, which was the trade name under which a monument business was conducted by one Ryan. One James Porter held a chattel mortgage upon the property of the said Hawkeye Granite Company, and, said company being in financial difficulties, Paul Porter, the son of James, came from Minneapolis, to assist Ryan in the management of said business. Appellee's petition alleges that he entered into an oral contract with said Paul Porter to procure contracts for the purchase of monuments and markers, and that he obtained contracts of prospective purchasers under said employment. All of the contracts which the appellee procured prior to the organization of the appellant corporation purported to be contracts with the Hawkeye Granite Company. The outstanding chattel mortgage against the Hawkeye Granite Company was foreclosed by the senior Porter, and later the appellant was organized as a new corporation. The appellant performed the contracts which the appellee had procured for the Hawkeye Granite Company. The question raised by appellant's motion for a directed verdict at this point is whether, under this state of facts, the appellant is liable for the commission. The appellant's motion for a directed verdict should have been sustained, to the extent of these commissions. Under the undisputed evidence, said services were rendered before the appellant corporation came into being, and were not rendered for or in behalf of said corporation. Whether Porter or the Hawkeye Granite Company would be liable to the appellee for the services he rendered, is a question with which we have no concern. What right the appellee may have had as against the property of the Hawkeye Granite Company under Porter's chattel mortgage foreclosure is also not involved in this appeal. A personal lia-

bility is sought to be enforced against the appellant for commissions claimed to be due to the appellee for services rendered to the Hawkeye Granite Company before appellant was organized. There is an utter failure to prove any privity of contract between the appellant and the appellee that could be made the basis of recovery for said services.

It is contended that appellant received the benefit of the appellee's services, and that appellant carried out said contracts. Even though the appellant obtained said contracts through the Hawkeye Granite Company, this would not lay the appellant liable to the appellee for payment of the commission under his contract with the Hawkeye Granite Company.

It is argued that the appellant corporation is liable for the acts of its officers or agents, and it is therefore liable in the instant case, because appellee was employed by Paul Porter, who later became an officer of the appellant company. The difficulty with this contention is that the appellant company was not in existence at the time of the employment, and Porter was at that time managing the Hawkeye Granite Company, and the contracts were made with said company, and not with the appellant. The appellant corporation could not be liable for the acts of Porter as its agent when it had no legal existence, and could not employ an agent. Under the allegations of appellee's petition, and under the evidence in the case, the appellee failed to establish a legal liability on the part of the appellant to pay commissions on the four contracts procured before the appellant was organized. The trial court erred in not sustaining the appellant's motion for a directed verdict as to the amount claimed for procuring said four contracts.

II. It appears from the record that, after the organization of the appellant corporation, the appellee was employed by said company; and he contends that, while he was so employed, he was instrumental in procuring two contracts for and in behalf of the appellant company. This service, it is claimed, was rendered by the appellee outside of his regular services as an employee in the shop of the appellant. There was evidence tending to show that the value of said services was 18 per cent of the purchase price of the monuments purchased. The question as to whether the appellee was employed by the appellant company for such services, and was entitled to compensation therefor in

addition to his regular services as an employee in the shop of the appellant, presented a fact question, for determination by the trial court, upon the entire record. We are not advised as to the method by which the trial court arrived at the judgment entered. It should not have exceeded $63, with interest and costs, however, which would be the amount of commissions on said two contracts. If appellee shall, within ten days, file a remittitur of all of said judgment in excess of $63, interest, and costs, the case will stand affirmed; otherwise it will be reversed and remanded for a new trial. The costs of this appeal will be taxed one half to the appellant and one half to the appellee.—*Affirmed on condition.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.